This is an appeal from an Athens County Common Pleas Court judgment dismissing the petition for postconviction relief filed by Matthew D. Sturbois, defendant below and appellant herein.
Appellant raises the following assignments of error for review:
FIRST ASSIGNMENT OF ERROR:
 "APPELLANT SHOWS THAT HE WAS UNAVOIDABLY PREVENTED FROM THE DISCOVERY OF THE FACTS UPON WHICH HE MUST RELY TO PRESENT HIS CLAIM."
SECOND ASSIGNMENT OF ERROR:
 "DEFENDANT-APPELLANT CITES FAILURE BY THE TRIAL COURT TO DISMISS THE INDICTMENT OR SET ASIDE THE VERDICT WAS IN VIOLATION OF DEFENDANT-APPELLANTS [SIC] CONSTITUTIONAL RIGHTS, AND SHOWS BY CLEAR AND CONVINCING EVIDENCE THAT, BUT FOR THE CONSTITUTIONAL VIOLATION NO REASONABLE FACT FINDER WOULD HAVE FOUND HIM GUILTY [SIC]."
THIRD ASSIGNMENT OF ERROR:
 "COUNSELS [SIC] FAILURE TO MOVE FOR A DISMISSAL OF THE INDICTMENT COMBINED WITH COUNSELS [SIC] FAILURE TO CONSULT WITH CLIENT, PROVES A BREACH OF FIDUCIARY DUTY, A BREACH OF DUTY, AND NEGLIGENCE ON THE PART OF DEFENDANT-APPELLANTS [SIC] COUNSEL, THUSLY PROVING INEFFECTIVE ASSISTANCE OF COUNSEL. [SIC]"
Our review of the record reveals the following facts pertinent to the instant appeal. On October 11, 1995, the Athens County Grand Jury returned an indictment charging appellant with one count of trafficking in marijuana, in violation of R.C.2925.03(A)(5) and one count of trafficking in marijuana, in violation of R.C. 2925.03(A)(2). At his arraignment, appellant entered a plea of not guilty.
On February 5, 1996, at a change of plea hearing, the state amended the indictment to charge a violation of R.C.2925.03(A)(7), rather than a violation of R.C. 2925.03(A)(2). Appellant's trial counsel did not object to the amendment.
On February 9, 1996, appellant entered a plea of guilty to one count of trafficking in marijuana, in violation of R.C.2925.03(A)(5) and to one count of trafficking in marijuana, in violation of R.C. 2925.03(A)(7).
On February 9, 1996, the trial court, after ascertaining that appellant knowingly, intelligently, and voluntarily entered his guilty plea, found appellant guilty of both charges. The trial court sentenced appellant to a definite term of two years on the R.C. 2925.03(A)(5) violation and to an indefinite term of four to fifteen years on the R.C. 2925.03(A)(7) violation.
On March 26, 1999, appellant filed a petition for postconviction relief. Pursuant to R.C. 2953.21(A), appellant asserted that he was unavoidably prevented from discovering the facts upon which he based his claims for relief and that clear and convincing evidence exists to demonstrate that no reasonable fact finder would have found him guilty but for the alleged constitutional errors.
On March 30, 1999, the trial court concluded that appellant had not met the provisions governing untimely filed postconviction relief petitions as set forth in R.C. 2953.23(A). The trial court, therefore, dismissed appellant's petition. On April 15, 1999, appellant filed a notice of appeal from the trial court's judgment dismissing his untimely filed postconviction relief petition.
In his first assignment of error, appellant asserts that the trial court erred by failing to consider his untimely filed postconviction relief petition.[1] Appellant argues that he demonstrated that he was unavoidably prevented from discovering the facts upon which his petition is based, and that clear and convincing evidence exists to demonstrate that no reasonable fact finder would have found him guilty in the absence of the alleged constitutional errors.
When a petition for postconviction relief is untimely filed, R.C. 2953.23(A)[2] divests a trial court of jurisdiction to hear the petition unless:
(1) Either of the following applies:
 (a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 (b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
[and]
 (2) [t] he petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact finder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable fact finder would have found the petitioner eligible for the death sentence.
Thus, before a trial court may entertain an untimely filed petition for postconviction relief, the petitioner must establish: (1) that he was unavoidably prevented from discovering the facts upon which he bases his petition, or that the petitioner's claim is based upon a newly-created federal or state right; and (2) that clear and convincing evidence demonstrates that no reasonable fact finder would have found him guilty in the absence of the alleged constitutional error.
In the case at bar, appellant claims that he was unavoidably prevented from discovering the facts upon which he based his petition because: (1) he was unaware for "a considerable length of time" that while incarcerated, he had access to legal material; (2) he was unable "to obtain or mail off legal material in a timely and prompt manner" due to his "limited budget"; and (3) he relied "on inadequate legal advice provided by inmate law clerks," and appellant "had to review massive legal documentation without guidance or proper access to said documentation, in an at[t]empt to correct the misjustices [sic] inflicted upon him, that attorneys spend years learning through proper schooling and guidance.
We agree with the trial court's conclusion that appellant's allegations do not demonstrate that he was unavoidably prevented from discovering the facts upon which he bases his petition. Appellant's claims that he was unavoidably prevented from discovering the facts revolve around his contention that he did not have adequate access to legal materials to perform his own research into his case. After appellant had an opportunity to perform his own research, appellant discovered that the following arguably objectionable matters occurred at trial: (1) the trial court improperly permitted the state to amend the indictment; and (2) appellant received ineffective assistance of counsel. We do not believe, however, that simply because appellant was unaware of the foregoing means that appellant was unavoidably prevented from discovering the facts upon which his petition was based. Rather, we believe that appellant essentially asserts that he was unaware of the legal theories he could assert to challenge the trial court's judgment of conviction and sentence. Simply being unaware of the law, however, does not equate with being unavoidably prevented from discovering the facts upon which the petition is based. See State v. Halliwell (June 29, 1999), Cuyahoga App. No. 75986, unreported (stating that ignorance of the law does not excuse an untimely filed postconviction relief petition). We do not believe that "the facts,"[3] as used in R.C. 2953.21(A)(1)(a), include legal theories.
For example, in State v. Lacking (Apr. 23, 1999), Montgomery App. No. 17360, unreported, the court concluded that the petitioner had not demonstrated that he had been unavoidably prevented from discovering the facts upon which he based his petition simply by alleging that defense counsel was "`ineffective in not properly conferring and consulting with him to inform him of the omitted rights such counsel forfeited." The petitioner alleged that defense counsel had failed to explain and protect his rights to a "`special cautionary jury instruction on "informant's testimony"' at trial, to allocution at sentencing, and to have the trial court sentence him in accordance with R.C.2929.12."
Appellant, therefore, has neither presented any evidence demonstrating that he was unavoidably prevented from raising his claim for relief in a timely manner, nor that his claim for relief was based upon a newly-recognized federal or state right. Thus, whether appellant has satisfied the second requirement of R.C. 2953.23(A) is an issue we need not resolve.
Accordingly, based upon the foregoing reasons, we overrule appellant's first assignment of error. To the extent that appellant's remaining assignments of error challenge the trial court's refusal to entertain his petition for postconviction relief, the assignments of error are moot.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. Kline, P.J.: Concur in Judgment Opinion
For the Court
 BY: _________________ Peter B. Abele Judge
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.
[1] We note that neither appellant nor the state dispute that appellant did not file his postconviction relief petition in a timely manner. R.C. 2953.21(A)(2) provides that a petition for postconviction relief must be filed "no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction," or "[i] f no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."
In the case at bar, appellant did not file a timely direct appeal. Appellant, therefore, had one hundred eighty days after the expiration of the time for filing a direct appeal within which to file a petition for postconviction relief. The judgment of conviction was filed on February 9, 1996. The time for filing a direct appeal, therefore, would have expired on March 11, 1996. See App.R. 4(A); App.R. 14(A). Appellant had one hundred eighty days after March 11, 1996 within which to file a petition for postconviction relief. After September 9, 1996 (the one hundred eightieth day falls on a Sunday), a petition for postconviction relief would not be timely pursuant to R.C. 2953.21(A)(2) Appellant filed his petition on March 26, 1999 — well beyond the one hundred eighty day time frame.
[2] R.C. 2953.23 provides:
 (A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section * * *.
[3] Black's Law Dictionary (6 Ed.1990) 591, defines "fact" as follows:
 "Fact. A thing done; an action performed or an incident transpiring; an event or circumstance; an actual occurrence; an actual happening in time or space or an event mental or physical; that which has taken place. * * * A fact is either a state of things, that is, an existence, or a motion, that is, an event. The quality of being actual; actual existence or occurrence."
Black's distinguishes between "fact" and "law" as follows:
 "Fact and law distinguished. Fact is very frequently used in opposition or contrast to `law.' * * * Law is a principle; fact is an event. Law is conceived; fact is actual. Law is a rule of duty; fact is that which has been according to or in contravention of the rule."
Id. at 592.